IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TONY PAYANO,

                           ORDER

             Plaintiff,

                         12-cv-889-bbc

     v.

THOMAS L. POTTER and
GREGORY GRAMS,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 21, 2013, the court dismissed plaintiff Tony Payano's complaint for failure to state a claim and entered judgment in favor of the defendants.  Plaintiff's motion for reconsideration was denied on April 30, 2013.  Now, plaintiff filed a notice of appeal. Because he has not paid the $455 fee for filing a notice of appeal, I construe the notice as including a request for leave to proceed in forma pauperis on appeal.

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons:  the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes.  § 1915(a)(1),(3) and (g).  Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998).  Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied, because I am certifying that his appeal is not taken in good faith.

In Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982), the court of appeals

instructed district courts to find bad faith in cases in which a plaintiff is appealing the same claims the court found to be without legal merit. <u>Lee v. Clinton</u>, 209 F.3d 1025, 1027 (7th Cir. 2000). Plaintiff is trying to appeal the same claims on which the court denied him leave to proceed. Because there is no legally meritorious basis for plaintiff's appeal, I must certify that the appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal. Plaintiff must include with his motion an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal. Instead, it may require plaintiff to pay the full $455 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiff Tony Payano's request for leave to proceed in forma

pauperis on appeal, dkt. #12, is DENIED.  I certify that plaintiff's appeal is not taken in

good faith.  The clerk of court is directed to insure that plaintiff's obligation to pay the $455

fee for filing his appeal is reflected in the court's financial records.

Entered this 3d day of June, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge